UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

    *Plaintiff*,                                CASE NO. 16-11555

*v*.                                            DISTRICT JUDGE THOMAS LUDINGTON
                                             MAGISTRATE JUDGE PATRICIA MORRIS
AU SABLE TOWNSHIP,
JOE MEADOWS,
and MARK SMITH

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO DISMISS (Doc. 20), PLAINTIFF'S SECOND
MOTION TO AMEND (Doc. 32) AND ALL OTHER
PENDING MOTIONS (Docs. 3, 9, 12, 23, 24, 31)**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 20) be **GRANTED IN PART**, such that Counts 15 and 16 are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**; that Plaintiff's second motion to amend (Doc. 32) be **DENIED**; and that all other pending motions (Docs. 3, 9, 12, 23, 24, 31) be **DENIED AS MOOT**.

**II.  REPORT**

    **A.  Introduction**

On January 20, 2016, Plaintiff Mark Donaldson filed this *pro se* action in state court. (Doc. 1 at PGID 1). On April 29, 2016, Defendants Au Sable Township, Joe Meadows, and Mark Smith ("Defendants") removed Plaintiff's action ("amended state complaint") from the

34th Circuit Court for Roscommon County to this federal court. (Doc. 1). The amended state complaint contains fifteen counts stretched across nearly 300 paragraphs. (*Id.*). On May 26, 2016, Plaintiff submitted his first amended complaint, which contains seventeen counts across nearly 400 paragraphs, including Freedom of Information Act ("FOIA") claims, alleged violations of his procedural due process rights under the Fourteenth Amendment, First Amendment rights, the Michigan Open Meetings Act, and other claims. (Doc. 13). On July 25, 2016, Plaintiff filed a motion for leave to file a second amended complaint, which contains eighteen counts across more than 400 paragraphs. (Doc. 32). The case was referred to the undersigned magistrate judge for all pretrial purposes. (Doc. 6).

    **B.**    **Defendants' Motions to Dismiss**

On May 6, 2016, Defendant Au Sable Township filed a motion to dismiss Counts 13, 14, and 15 of Plaintiff's removed complaint. (Doc. 3). Plaintiff timely filed his first amended complaint on May 26, 2016, pursuant to Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's first amended complaint added Joe Meadows and Mark Smith as defendants, and modified certain claims. (*Id.*). Au Sable Township's motion to dismiss (Doc. 3) references Plaintiff's amended state complaint, but that complaint has been superseded, and is thus moot.

On June 16, 2016, Defendants filed a second motion to dismiss, this time requesting that Counts 11 through 17 of Plaintiff's first amended complaint be dismissed. (Doc. 20).

On July 25, 2016, Plaintiff filed a motion to amend his complaint a second time, along with his proposed amended complaint. (Doc. 32).

    **C.**    **Analysis**

        **i.**    **Fed. R. Civ. P. 8**

At the outset, the Court notes that Plaintiff's complaints are prolix, repetitious, and difficult to comprehend. Defendants characterize the complaint as "extremely dense" (Doc. 20 at iv), "extremely difficult to follow" (Doc. 3 at 5), and a "long and meandering fifty-page pleading [that] is very difficult to penetrate" (Doc. 20 at 7).

Rule 8(a) provides that complaints should include "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." As noted above, Plaintiff's first amended complaint spans nearly 400 paragraphs and seventeen counts. (Doc. 13). A complaint this verbose is subject to dismissal for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page, 242-paragraph prisoner civil rights complaint "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading" and was a violation of Rule 8(a)(2)); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8).

Plaintiff's first amended complaint either violates, or comes extremely close to violating, Rule 8(a). Nevertheless, as discussed below, I find that Plaintiff's complaint is clearly subject to dismissal pursuant to *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), therefore the Court need not dismiss his complaint on the basis of Rule 8.

### ii.     Plaintiff's Federal Claims

Defendants allege that this matter is properly in federal court based on federal question jurisdiction. (Doc. 1 at PGID 1-2). 28 U.S.C. § 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In order to determine whether removal was proper, the court must look to the allegations stated in the complaint at the time of removal. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). In this case, Plaintiff's removed complaint cites alleged deprivations of his First and Fourteenth Amendment rights by Au Sable Township, which is sufficient to grant federal subject matter jurisdiction to hear his complaint. (Doc. 1 at PGID 54, 59-61); *see Williams v. Wohlgemuth*, 540 F.2d 163, 166 (3d Cir. 1976) ("A claim is sufficient to confer [federal subject matter] jurisdiction . . . if it is not wholly insubstantial or wholly frivolous.") (quotation omitted).

Plaintiff submitted his first amended complaint on May 26, 2016. (Doc. 13). Plaintiff's amended complaint is thus the operative complaint, and is the complaint to be tested by Defendants' motion to dismiss. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint for purposes of his motion to amend."); *Scuba v. Wilkinson*, No. 1:06CV160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) ("Plaintiffs' amended complaint supersedes the original complaint . . . .").

Plaintiff's first amended complaint states only two claims which could conceivably allege a federal claim: Counts 15 and 16. Both counts allege that "Defendants violated Mr. Donaldson Fourteenth Amendment procedural due process protected property interests and/or

4

acted illegally under color of state laws in violation of 42 U.S.C. § 1983." (Doc. 13 at PGID 287, 290). Plaintiff's allegations do little to clarify these headings. Plaintiff asserts that he has "fundamental and protected interest as provided in the U. S. 14th Amendment due process rights on having heard and a written determination made involving" his complaints relating to a sign placed at Kirtland Community College ("KCC") and approved by the Au Sable Township Board of Trustees. (Doc. 13 at PGID 287-88). Plaintiff also asserts that he has a right to have his complaints heard by "impartial Defendant(s)," and that Defendants suffer from "[c]onflict[s] of interest." (*Id.* at PGID 289-90). He asserts that Defendants ought to disclose "potential conflict[s] of interests [sic] pursuant to MCL 125.3815 (9) . . . during a public open meeting with proper public discussion and proper notice." (*Id.* at PGID 291). Further, Plaintiff alleges that "Township Zoning Ordinance 4.19(c)(3) . . . goes beyond mere procedural guarantees and . . . creates 14th amendment procedural due process protected property interests." (*Id.* at PGID 290). Finally, Plaintiff asserts that he has a "First Amendment . . . right to speak at the public meeting involving matters that concern and/or pertain to the KCC sign." (*Id.* at PGID 292).

Defendants argue that Plaintiff has failed to state a due process claim under Fourteenth Amendment. (Doc. 20 at 8-14).

### a. Plaintiff's Standing to Assert a Due Process Claim

The Sixth Circuit has described the Fourteenth Amendment guarantee to due process of law as follows:

> The Fourteenth Amendment provides, in part, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest. *See, e.g., Thompson v. Ashe*, 250 F.3d 399, 407

5

> (6th Cir. 2001) ("Courts have long recognized that the Fourteenth Amendment requires that an individual who is deprived of an interest in liberty or property be given notice and a hearing."). Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with the deprivation, or lack thereof, violated his rights to due process. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

*Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). "Article III of the Constitution limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'" *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014). Plaintiffs must have "standing" to invoke the jurisdiction of the federal courts. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff has standing if the following criteria are met:

> First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

A plaintiff with "no vested property right" lacks "standing to challenge [a] zoning ordinance on procedural due process grounds." *Seguin v. City of Sterling Heights*, 968 F.2d 584, 591 (6th Cir. 1992). Likewise, a substantive due process claim cannot lie where the plaintiff does not have a property interest affected by the government action. *See ABCDE Operating, LLC v. City of Detroit*, No. 08-CV-14908, 2009 WL 2922879, at *5 (E.D. Mich. Sept. 9, 2009) ("Only the holder of a license or permit, not one seeking a license or permit, has

6

a legally-protectible property interest which would confer standing to bring a substantive due process claim.").

Plaintiff avers that he has a protected property interest in having his complaints heard due to his "'substantial interest' in this zoning matter," because he was the one who submitted a zoning complaint regarding the KCC sign, because he "researched and/or addressed the sign with moving illumination to KCC prior to KCC changing the location of the sign," because the "zong [sic] and sign matter pertains to public safety," and because he "has a clear legal right to file a zoning complaint and have the zoning complaint heard by the Defendant(s)." (Doc. 13 at PGID 293-95).

Plaintiff's desire to have his zoning complaint heard is not a substitute for a property interest. Plaintiff does not own the property on which the KCC sign has been erected. Plaintiff's interest in maintaining driver and pedestrian safety is coextensive with the interest of the general public, and is not a sufficiently "particularized injury" to confer standing. *See Hughes v. Oklahoma Dep't of Transp.*, 501 F. App'x 744, 745 (10th Cir. 2012) ("[T]he complaint was subject to dismissal because Plaintiff only asserted a general public injury, not a particularized injury to his own rights or interests."); *Schulz v. New York State Legislature*, 199 F.3d 1323 (2d Cir. 1999) ("But status as a taxpayer or citizen is plainly not enough, absent a concrete and particularized injury, to confer standing in a suit seeking to vindicate the general public interest in constitutional governance."); *Sharrow v. Peyser*, 443 F. Supp. 321, 324 (S.D.N.Y. 1977) ("Moreover, the party seeking relief must allege a particularized injury which threatens him and cannot rest upon generalized allegations of injury that may be suffered by third persons or by the general public.") aff'd, 582 F.2d 1271 (2d Cir. 1978).

Plaintiff's interest in having his complaint about the zoning of another person's property is likewise not a property interest because it is not premised on any protected right of the Plaintiff. "To hold otherwise would immediately incorporate virtually every regulation into the Constitution." *Clemente v. United States*, 766 F.2d 1358, 1364 (9th Cir. 1985). Similarly, while Plaintiff might feel entitled to a decision on his complaint based on the amount of time and effort he has dedicated to it, he has no right to such a decision.

Plaintiff has no monetary, proprietary, or other substantial interest in Au Sable Township's zoning decision regarding the KCC sign. Lacking standing to challenge Au Sable Township's zoning decision, Plaintiff cannot sustain a Fourteenth Amendment claim against Defendants.

### b.    Plaintiff's First Amendment Claim

Plaintiff's first amended complaint also refers to the deprivation of First Amendment rights. Specifically, Plaintiff asserts in Count Sixteen that he has a right "pursuant to the First Amendment . . . to speak at the public meeting involving matters that concern and/or pertain to the KCC sign with moving illumination including presenting additional and applicable documents, information, testimony, grievances including pertaining to conflict of interests involving the Defendant(s)." (Doc. 13 at PGID 292). This single reference to the First Amendment is Plaintiff's only other potential source of federal jurisdiction. While Defendants move for dismissal of Count Sixteen (Doc. 20 at 13-14), they do not address Plaintiff's First Amendment argument.

Plaintiff's single, undeveloped, reference to the First Amendment cannot support a claim for relief. The Sixth Circuit has repeatedly held that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

8

waived," and that "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Plaintiff does not aver that he was prevented from speaking at Au Sable Township zoning board meetings, but rather merely asserts that he has a right to do so. But assertion that a right exists is quite apart from establishing a claim to relief for violation of that right.

Where the Au Sable Township zoning board opens a meeting to public comment, Plaintiff doubtless possesses the same right as other citizens to address his concerns on public issues to the zoning board. *See Perry Educ. Assn v. Perry Local Educators' Assn*, 460 U.S. 37 (1983) ("[W]hen the people through its government create a public forum for discussion of issues and the dissemination of public opinion, [the] government may not limit the forum to discussion by some and not all of those who wish to speak."); *City of Madison, Joint Sch. Dist. No. 8 v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167, 179 (1976) ("Once a forum is opened up to assembly or speaking by some groups, government may not prohibit others from assembling or speaking on the basis of what they intend to say. Selective exclusions from a public forum may not be based on content alone, and may not be justified by reference to content alone.") (quoting *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 96 (1972)); *Pesek v. City of Brunswick*, 794 F. Supp. 768, 782 (N.D. Ohio 1992) ("[W]hen the people through its government create a public forum for discussion of issues and the dissemination of public opinion, [the] government may not limit the forum to discussion by some and not all of those who wish to speak.").

Yet Plaintiff has not alleged that he was prevented from expressing his opinion at Au Sable Township zoning board meetings, but merely that his zoning complaint was not

satisfactorily considered once it was lodged. Plaintiff's First Amendment right to petition the government for redress of grievances was not infringed. He has spoken his mind via petitioning the board, and may continue to do so.

Read in the most generous light, Plaintiff might be interpreted to allege that his First Amendment rights were violated by the Au Sable Township zoning board's decision to set aside his zoning complaint regarding the KCC sign, (which he calls his "1 complaint") until he paid his outstanding FOIA bill. (Doc. 13 at PGID 264) ("Defendant(s) injured Mr. Donaldson by not honoring Mr. Donaldson's zoning complaint, exhibit #26."). Donaldson quotes the Township's minutes of the January 12, 2016 meeting, wherein the zoning board held that Plaintiff's "7 FOIA requests and 1 complaint" were not "being honored since he has not paid the previous bill." (*Id.*). This argument similarly fails. While citizens are entitled to petition the government for redress, the government is not constitutionally obliged to respond to such complaints. *See Minnesota Board for Community Colleges v. Knight*, 465 U.S. 271, 288 (1984) ("A person's right to speak is not infringed when government simply ignores that person while listening to others."); *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, [or] to respond . . . ."); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("[T]he First Amendment does not guarantee that citizens' speech will be heard"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views"). Plaintiff is consequently unable to state a claim for relief under the First Amendment.

### D. Plaintiff's Second Motion to Amend

On July 25, 2016, Plaintiff filed a motion for leave to file a second amended complaint. (Doc. 32). Because Plaintiff has already amended once of right, his proposed amendment may be granted only with the Court's leave. Fed. R. Civ. P. 15(a)(2).

Plaintiff's proposed second amended complaint supplements numerous portions of his first amended complaint, but Counts 15 and 16 continue to be his sole potential sources of federal claims. Plaintiff updates these counts as well, but his modifications amount to little more than a rehashing of claims already raised in his first amended complaint. (Doc. 32 at 708-15). These modifications provide no basis for a First or Fourteenth Amendment claim. For instance, while Plaintiff tacks on an allegation that "Mr. Donaldson has a private right and/or substantive property interest in the one and only specific road Sunset Drive within AuSable Township, . . . which is in fact the only public road available for ingress or egress for residents including Mr. Donaldson who live in the Running Deer Estates subdivision" (Doc. 32 at PGID 709), that allegation does nothing to cure his lack of standing. Plaintiff's residence in the Running Deer Estates might cause him to encounter the KCC sign more regularly, but regularly viewing a sign he finds unpleasant does not confer a property right in that sign. Plaintiff's motion to amend would be futile insofar as it would not create a basis for the exercise of federal jurisdiction over this case, and should be denied. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) ("[L]eave to amend may be denied where the amendment would be futile.").

### E. Other Pending Motions

Numerous other motions are currently pending, *see* (Docs. 3, 9, 12, 23, 24, 31), but, based on the above recommendations, these motions ought to be denied as moot.

11

### F. Dismissal of state law claims is appropriate

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(b)(3). Generally, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am.*, 383 U.S. at 726. Dismissal of state claims under these circumstances ought to be without prejudice. *Id*. at 726-27.

Having found that Plaintiff's only claims relating to federal law, Counts 15 and 16, are meritless and fail to state a claim upon which relief can be granted, dismissal of his remaining state claims is appropriate. Furthermore, having found that Plaintiff's complaint should be dismissed pursuant to *United Mine Workers*, it is unnecessary to further consider Defendants' motion to dismiss counts 11, 12, 13, 14, and 17. (Doc. 20).

### G. Conclusion

Plaintiff has failed to state a claim upon which relief can be granted under the First or Fourteenth Amendments of the United States Constitution. Having disposed of Counts 15 and 16, the Court recommends that Plaintiff's "state claims . . . be dismissed as well." *United Mine Workers*, 383 U.S. at 726.

I therefore recommend that Defendants' motion to dismiss (Doc. 20) be granted in part, such that Counts 15 and 16 of Plaintiff's complaint are dismissed with prejudice, and the

remaining state law claims are dismissed without prejudice; that Plaintiff's second motion to amend (Doc. 32) be denied; and that all other pending motions (Docs. 3, 9, 12, 23, 24, 31) be denied as moot.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date:  August 26, 2016                              S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

13

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record and Plaintiff who is an ECF filer.

Date: August 26, 2016                                By s/Kristen Krawczyk
                                                                      Case Manager