UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

        Plaintiff,                         Case No. 16-cv-11555

v.                                             Honorable Thomas L. Ludington
                                                Magistrate Judge Patricia T. Morris

AUSABLE TOWNSHIP, et al

        Defendant.

_____/

**ORDER OVERRULING OBJECTIONS IN PART, ADOPTING REPORT AND RECOMMENDATION IN PART, GRANTING MOTION TO DISMISS, DISMISSING COUNTS XV AND XVI OF PLAINTIFF'S AMENDED COMPLAINT, GRANTING MOTION TO SEVER AND REMAND, DENYING ALL OTHER MOTIONS, AND REMANDING TO STATE COURT**

On January 20, 2016, Plaintiff Mark P. Donaldson filed suit in Roscommon County Circuit Court against Defendants Au Sable Township, Joe Meadows, and Mark Smith. ECF No. 1. This case was removed on April 29, 2016. Donaldson's initial complaint brought eleven state law claims related to violations of the Michigan Freedom of Information Act. However, Donaldson filed an amended complaint on April 8, 2016. That first amended complaint included allegations that Defendants' conduct violated the Fourteenth Amendment. On the basis of those allegations, Defendants removed the case. ECF No. 1.

On May 5, 2016, Defendants filed a motion to dismiss Counts 13, 14, and 15 of Donaldson's first amended complaint. ECF No. 3.[1] Several days later, all pretrial matters in this case, including that motion, were referred to Magistrate Judge Patricia T. Morris. ECF No. 6. On May 18, 2016, Donaldson filed a "Motion for Immediate Consideration," ECF No. 9, seeking

---

[1] Because Donaldson later filed a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), this motion to dismiss is moot.

reconsideration of a previous order which directed Donaldson to reply to the Defendants' motion to dismiss by May 24. On May 26, 2016, Donaldson filed a motion requesting that the Court sever his state law claims and remand them to state court. ECF No. 12. He also filed a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No 13. In the introduction to that second amended complaint, Donaldson alleges that Defendants erected "roadblocks to a resident of AuSable Township," repeatedly violated the Michigan Freedom of Information Act, Mich. Comp. L. § 15.231, repeatedly violated the Michigan Open Meetings Act, Mich. Comp. L. § 15.261, violated Donaldson's due process and civil rights under the Fourteenth Amendment, and failed to enforce a local zoning ordinance. Sec. Am. Compl. at 2.

On June 16, 2016, Defendants filed a motion to dismiss Counts XI, XII, XIII, XIV, XV, XVI, and XVII of the second amended complaint. ECF No. 20. Two weeks later, Donaldson filed a motion seeking an order requiring the Defendants to produce a copy of all records from the state court proceeding and extending the deadline for Donaldson to reply to Defendants' motion to dismiss. ECF No. 23. At the same time, Donaldson filed a motion for sanctions against Defendants, asserting that Defendants falsely represented to the Court that they had sought concurrence before filing their motion to dismiss. ECF No. 24. On July 25, 2016, Donaldson filed two more motions. In the first motion, Donaldson requested that Judge Morris issue a scheduling order and institute a discovery plan. ECF No. 31. In the second motion, Donaldson sought leave to file a third amended complaint. ECF No. 32.

On August 26, 2016, Judge Morris issued a report recommending that Defendants' second motion to dismiss be granted, Donaldson's federal constitutional claims be dismissed with prejudice, his state law claims be dismissed without prejudice, and that all his other pending motions be denied as moot. ECF No. 35. Donaldson filed nineteen objections to Judge Morris's

report and recommendation on September 8, 2016. For the reasons stated below, Donaldson has not stated a claim arising out of federal law. Accordingly, his federal claims will be dismissed and his state claims will be remanded.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections,

"[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

In her report and recommendation, Judge Morris concludes that Donaldson has not alleged any cognizable federal claims. Accordingly, Judge Morris recommends dismissing those counts and dismissing without prejudice Donaldson's state law claims. In response, Donaldson has filed nineteen objections. Objections, ECF No. 40. They can be summarized as follows: In several objections, he asserts that Judge Morris mischaracterized standards to be applied to Donaldson's complaint or the motions he has filed. He similarly contends that Judge Morris made "[n]o findings of facts." Objections at 6–7. He argues that Judge Morris should have remanded his state claims (not dismissed them without prejudice), and argues that his motion for sanctions should have been separately addressed. Donaldson faults Judge Morris for her analysis of his motion to file a third amended complaint. He further objects to this Court's denial of his motion for a page extension for objections. Donaldson also requests that, if the case is rejected and sent back to a magistrate judge, Judge Morris not be assigned to the case. Finally, and most importantly, Donaldson asserts in objections ten through seventeen that Judge Morris improperly analyzed his federal claims.

### A.

Rather than addressing each of Donaldson's objections to Judge Morris's analysis of his federal claims individually, those claims will be analyzed anew. Donaldson's second amended complaint contains two federal claims. In Count XV, Donaldson argues that his Fourteenth Amendment procedural due process rights were violated by Defendants. Sec. Am. Compl. at 41,

ECF No. 13. Donaldson explains that he "filed a zoning complaint with the Township" that challenged a sign with "moving illumination" which had been placed on Sunset Drive. *Id.* Donaldson lives in the Running Deer Estates subdivision, which is only accessible through County Road 603 (also known as Sunset Drive). In Count XV, Donaldson also references exhibits 26, 27, and 28 of his second amended complaint. *Id.* Those exhibits reveal that Donaldson was asserting that a nearby firearms range and several related billboards were in violation of local zoning ordinances. According to Donaldson's complaints, the Township Board took no action on these complaints or related FOIA requests because Donaldson had not paid the bill for prior FOIA requests he has made. *Id.* at 43.

In Count XVI, Donaldson again alleges that Defendants violated his Fourteenth Amendment procedural due process rights. *Id.* at 44. In this claim, he argues that the Defendants had "developed and/or state personal bias" regarding his zoning complaint. He also asserts that, based on existing zoning ordinances, his complaint revealed that the firing range and billboards in question were noncompliant. He also alleges that he has a First Amendment right "to speak at the public meeting" in challenge to the billboard he believes should be removed.

In his motion to file a third amended complaint, Donaldson attached a copy of the proposed complaint. The proposed third amended complaint contains an additional count and defendant. Specifically, Donaldson alleges in Count XVIII that "Kathy Wray Intentionally Violated Open Meetings Act." Proposed Third Am. Compl. at 55, ECF No. 32, Ex. 1.

**1.**

Donaldson has not stated a procedural due process claim upon which relief can be based. The Fourteenth Amendment of the United States Constitution provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend.

XIV, § 1. Procedural due process claims, like those Donaldson is raising, are "concerned not with the deprivation of a constitutionally protected interest in 'life, liberty, or property,' but deprivation of those interests without due process of law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 546 (6th Cir. 2012). The analysis for a procedural due process claim thus begins by determining "whether a protected liberty or property right is at stake and, if so, what process is due." *Id.*

Thus, to establish a procedural due process claim, Donaldson must demonstrate that he has been deprived of a property interest through Defendants' actions. "Property rights are created and defined by independent sources such as state law and not by the Constitution." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008). "For a property interest to give rise to the due process requirement, the interest must be more than an abstract desire or a unilateral expectation, but rather a legitimate claim of entitlement." *Randy Disselkoen Properties, LLC v. Charter Twp. of Cascade*, No. 1:06-CV-141, 2008 WL 114775, at *11 (W.D. Mich. Jan. 9, 2008). Ownership of the property subject to the zoning "is a property interest sufficient to invoke due process." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1218 n.29 (6th Cir. 1992).

Here, however, Donaldson is not challenging a zoning decision which impacts land he owns. Rather, Donaldson articulates his property right as follows:

> Mr. Donaldson has a private right and/or substantive property interest in the one and only specific road Sunset Drive within AuSable Township, (county road 603 between F-97 and N. Keno Road), which is in fact the only public road available for ingress or egress for residents including Mr. Donaldson who live in the Running Deer Estates subdivision."

Proposed Third Am. Compl. at 46.

As he states in his objections, "the issue is the traffic hazard caused by the sign." Objections at 21. He asserts that this "serious traffic hazard" gives rise to a property interest because of his

"sole dependence on using this one road." *Id.* at 22. Donaldson does not have a recognized property right in the billboard itself. Thus, he cannot argue that the Defendants' decision to allow its construction in alleged violation of zoning regulations violated a property right. *See Wojcik v. City of Romulus*, 257 F.3d 600, 611 (6th Cir. 2001) ("[T]he approval of the [Michigan Liquor Control Commission] and the City of Romulus were explicit conditions precedent to Plaintiffs' acquiring a constitutionally protected property interest in the entertainment permit."); *ABCDE Operating, LLC v. City of Detroit*, No. 08-CV-14908, 2009 WL 2922879, at *5 (E.D. Mich. Sept. 9, 2009) ("Only the holder of a license or permit, not one seeking a license or permit, has a [legally] protectible property interest which would confer standing to bring a substantive [or procedural] due process claim."). *See also R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005) ("[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary.") (internal citations omitted). Defendants' decision to allow or prevent the construction of the billboard was wholly discretionary, at least as regards Donaldson, because that decision impacts no property or economic interest of his. *See Clemente v. United States*, 766 F.2d 1358, 1364 (9th Cir. 1985) ("A mere command to follow certain procedures, however, does not create an underlying property interest.").

Donaldson, though, appears to be arguing that his property right stems from his right to use County Road 603 to access his home. Construing his argument liberally, he seems to argue that the billboard is so distracting that it impairs his ability to access his home. "[A] property owner has the right to access his or her property from public highways." *Scholma v. Ottawa Cty. Rd. Comm'n*, 303 Mich. App. 12, 16–17 (2013). However, a property owner is only entitled to "convenient and reasonable access." *Grand Rapids Gravel Co. v. William J. Breen Gravel Co.*,

262 Mich. 365, 370 (1933). Donaldson has provided no facts which indicate that his right to access his property has been abridged. The billboard in question might have bright lights and animation, but those facts do not prevent motorists from using the road. Simply put, a distracting billboard does not deny Donaldson "convenient and reasonable access" to his home.

**2.**

Donaldson also argues that his procedural due process rights were denied through Defendants' treatment of his complaints pertaining to a nearby firing range. In his Formal Complaint to the Au Sable Township Zoning Board, Donaldson stated that the firing range was in a "residential zoning area" and was a "nonconforming use." Formal Compl. to Board at 2, ECF No. 13, Ex. 27. Donaldson's filings are voluminous and difficult to parse, and the Court is unable to find further information regarding his complaints about the firing range. The only potential property interest Donaldson gives as a basis for challenging the range's zoning is that "he lives very close to the actual physical location of the firearms range." Objections at 24. Simply living nearby a property which is allegedly in noncompliance with zoning regulations does not establish a property interest absent some showing that the noncompliance has impacted the person's own property. *See Clemente*, 766 F.2d at 1364 ("A mere command to follow certain procedures, however, does not create an underlying property interest."). Donaldson has not presented any evidence or allegations of such impact here. Accordingly, he has not demonstrated a property interest which has been impacted by the zoning board's inaction regarding the firing range.

Thus, neither purported basis for Donaldson's procedural due process claim is sufficient. Because the billboard's and firing ranges' alleged noncompliance with zoning regulations does

not impact any property interest of Donaldson's, his procedural due process claims must be dismissed.

### 3.

Finally, Donaldson makes an off-hand assertion that the First Amendment protects his right to speak at zoning board meetings. The First Amendment does prevent government entities from selectively excluding speakers from a public forum based on the content of their speech. *City of Madison, Joint Sch. Dist. No. 8 v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167, 179 (1976). However, Donaldson has not alleged that the zoning board has excluded him from speaking on the basis of the content of his speech. Based on the documents Donaldson has filed (including his formal complaint to the board), he appears to have been allowed to present his complaints. As the Sixth Circuit has explained, "[a] citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In fact, Donaldson indicates in his complaint the reason why the zoning board has taken no action. *See* Sec. Am. Compl. at 43. In paragraph 348, he explains that the zoning board informed him that his current complaints would not be acted on because he had not paid a previous FOIA bill. *Id.* Thus, Donaldson has been allowed to speak in the public forum. To the extent he has received no response from the zoning board, the First Amendment does not entitle him to one. Even if the nonresponse were construed as a kind of exclusion from the public forum, Donaldson's complaint reveals that the reason for the exclusion was based not on the content of his speech, but on his failure to pay an outstanding bill. Donaldson has not stated a claim under the First Amendment.

**B.**

Accordingly, the federal claims in Donaldson's second amended complaint will be dismissed. Donaldson's third amended complaint includes a new defendant and claim, but neither of those additions change the analysis of Donaldson's federal claims. Thus, even if Donaldson's motion to file that complaint was granted, there would be no cognizable federal claims before the Court. For that reason, Judge Morris concluded that there was no basis for federal jurisdiction over Donaldson's claims and recommended that his state law claims be dismissed without prejudice. Rather than arguing that this Court should exercise jurisdiction over his state law claims, Donaldson requests that they be remanded to state court, pointing to his motion to sever his state law claims and remand, ECF No. 12. *See* Objections 2, 4, 8, 11, 12.

The Court agrees with Judge Morris and Donaldson that this Court is not the proper forum for Donaldson's state law claims. Further, Donaldson's request that his state law claims be remanded instead of dismissed without prejudice is reasonable. The Court notes that, typically, dismissal without prejudice does not prevent a plaintiff from raising those claims again in another proceeding. Donaldson asserts that if his state law claims are dismissed without prejudice, he will be barred by statutes of limitations from bringing those claims in state court. Regardless of whether that is true, remand is appropriate here.

When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). However, the dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor of remanding any state-law claims that accompanied it to federal court. *Id*. at 863. Because Donaldson's state law claims should be resolved in state court, they will be remanded. Similarly,

because all remaining claims will be remanded regardless of whether Donaldson's motion to file a third amended complaint is granted, that motion will be denied as futile. Donaldson will be free to seek leave from the state court to file a third amended complaint.

## C.

None of Donaldson's remaining complaints impact the analysis or outcome outlined above. In his first objection, Donaldson argues that Judge Morris improperly cited to the Rules of Civil Procedure, not the Court's local rules, in providing guidelines for objecting to the report and recommendation. There is no material difference between Federal Rule of Civil Procedure 72(b)(2) and Local rule 72.1(d). Even if there was, Donaldson timely filed objections. Thus, he suffered no prejudice. Donaldson also faults Judge Morris for failing to specifically mention his motion to sever and remand in her report. As already explained, the relief sought in that motion will be granted.

Donaldson's third, fourth, and fifth objections relate to Judge Morris's assertion that Donaldson's complaint was so verbose that it could reasonably be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a). However, Judge Morris did not rest her recommendation for dismissal upon noncompliance with 8(a). Accordingly, Donaldson was not prejudiced by Judge Morris's description of his complaint.

In his sixth objection, Donaldson argues that Judge Morris did not make any findings of fact in her report. That is not true. Judge Morris referenced several facts, including that Donaldson was suing in regards to a billboard near his house and that Donaldson had no property interest in the billboard. To the extent Donaldson argues that Judge Morris ignored facts in his complaint or made false findings of fact, this Court has independently reviewed Donaldson's factual allegations as they pertained to his federal claims. As discussed above, Donaldson is not

entitled to federal relief. The Court makes no factual findings regarding Donaldson's state court claims because this Court declines to exercise jurisdiction over them.

In his seventh objection, Donaldson argues that Judge Morris should have analyzed his motion for sanctions instead of denying it as moot. This Court has independently reviewed Donaldson's motion for sanctions and concludes that sanctions are not warranted. ECF No. 24. In the motion, Donaldson asserts that Defendants informed him they would be filing a motion to dismiss at 5:20 p.m. on June 16, 2016. Without waiting for Donaldson to reply, Defendants filed the motion at 7:52 p.m. on June 16, 2016. Donaldson argues that sanctions are appropriate because Defendants did not make a reasonable effort to obtain concurrence from Donaldson before filing the motion, meaning that they did not comply with Local rule 7.1(a)(2). Giving an opposing party only two hours late in the evening to review a motion and communicate concurrence is not a best practice. However, this behavior is not so wrongful as to require sanctions. Donaldson was not prejudiced by Defendants' failure to wait for his refusal to concur before filing the motion. Thus, Donaldson's motion for sanctions will be denied.

In his eighteenth objection, Donaldson argues that this Court erroneously denied his request for a page length extension for his objections. However, Donaldson filed nineteen objections to the report and recommendation, many of which contained similar arguments. Further, the Court analyzed Donaldson's federal claims de novo, giving no deference to Judge Morris's analysis. To the extent there may have been defects in Judge Morris's analysis of Donaldson's federal claims which he did not have space to raise, the Court did not rely on Judge Morris's analysis. Thus, Donaldson was not prejudiced by the denial of the page extension.

Finally, Donaldson argues that this case should be assigned to a different magistrate judge if the report and recommendation is rejected. Because this Court has chosen to analyze

Donaldson's claims de novo and remand his state law claims to state court, this objection is not implicated.

All of Donaldson's remaining objections deal either with his federal claims, his amended complaint, or Judge Morris's recommendation to dismiss his state claims without prejudice. They have been addressed above.

### III.

Accordingly, it is **ORDERED** that Plaintiff Donaldson's Objections, ECF No. 40, are **OVERRULED in part.**

It is further **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 35, is **ADOPTED in part.**

It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 20, is **GRANTED in part.**

It is further **ORDERED** that Counts XV and XVI of Plaintiff Donaldson's Second Amended Complaint, ECF No. 13, are **DISMISSED with prejudice.**

It is further **ORDERED** that Plaintiff Donaldson's Motion to Sever and Remand, ECF No. 12, is **GRANTED.**

It is further **ORDERED** that Plaintiff Donaldson's Motion for Sanctions, ECF No. 24, is **DENIED.**

It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 3, is **DENIED as moot.**

It is further **ORDERED** that Plaintiff Donaldson's remaining outstanding motions, ECF No. 9, 23, 31, 32, are **DENIED as moot.**

- 14 -

It is further **ORDERED** that Plaintiff's state law claims are **REMANDED** to the Thirty-Fourth Circuit Court of Roscommon County.

Dated: February 28, 2017          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2017.

                                      s/Michael A. Sian
                                      MICHAEL A. SIAN, Case Manager