UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

        Plaintiff,                      Case No. 16-cv-11555

v.                                        Honorable Thomas L. Ludington
                                            Magistrate Judge Patricia T. Morris

AUSABLE TOWNSHIP, et al

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On January 20, 2016, Plaintiff Mark P. Donaldson filed suit in Roscommon County Circuit Court against Defendants Au Sable Township, Joe Meadows, and Mark Smith. ECF No. 1. Donaldson's initial complaint brought eleven state law claims related to violations of the Michigan Freedom of Information Act. His claims arise out of an animated billboard which has been placed next to the road Donaldson must use to access his home. He contends that the billboard (and a nearby firearms range) are in violation of local zoning ordinances. But when he brought the noncompliance to the attention of the local zoning board, they refused to act. He alleges that the Defendants have exhibited personal bias against him. Donaldson filed an amended complaint on April 8, 2016. That first amended complaint included allegations that Defendants' conduct violated the Fourteenth Amendment. On the basis of those allegations, Defendants removed the case to this Court on April 29, 2016. ECF No. 1.

On May 5, 2016, Defendants filed a motion to dismiss Counts 13, 14, and 15 of Donaldson's first amended complaint. ECF No. 3. Several days later, all pretrial matters in this case, including that motion, were referred to Magistrate Judge Patricia T. Morris. ECF No. 6. On May 26, 2016, Donaldson filed a motion requesting that the Court sever his state law claims and

remand them to state court. ECF No. 12. He also filed a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No 13.

On June 16, 2016, Defendants filed a motion to dismiss Counts XI, XII, XIII, XIV, XV, XVI, and XVII of the second amended complaint. ECF No. 20. On August 26, 2016, Judge Morris issued a report recommending that Defendants' second motion to dismiss be granted, Donaldson's federal constitutional claims be dismissed with prejudice, his state law claims be dismissed without prejudice, and that all his other pending motions be denied as moot. ECF No. 35. Donaldson filed nineteen objections to Judge Morris's report and recommendation on September 8, 2016. On February 28, 2017, the Court overruled the objections, adopted the report and recommendation in part, dismissed Donaldson's federal claims, and remanded the state claims. ECF No. 43. Now, Donaldson has filed a motion for reconsideration. ECF No. 47. For the reasons stated below, it will be denied.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

Donaldson makes several arguments in this motion for reconsideration. First, he contends that the February 28, 2017, opinion and order is ambiguous regarding which amended complaint is being remanded. At the time the February 28, 2017, opinion and order was issued, the complaint filed on May 26, 2016, ECF No. 13, was the operative complaint. Accordingly, that was the complaint remanded to state court. Donaldson's confusion appears to stem from the fact that he requested leave to file another amended complaint on July 25, 2016. ECF No. 32. That motion was denied because even if leave had been given, this Court would not have had jurisdiction.

Donaldson next argues that the Court's analysis of his federal claims was erroneous. He faults the Court for failing to take all of his pleaded facts as true. But the Court did accept all of Donaldson's pleaded facts as true. The Court simply concluded that Donaldson's alleged injuries did not give rise to cognizable federal claims. In his motion for reconsideration, he simply references the "Michigan constitution and statutes including MCL 125.3815(9) and MCL 125.3601(9)" as forming the basis of the alleged conflicts of interest which underlie his claims for relief. Mot. Recon. at 4. Regardless of whether Donaldson's allegations, if accepted as true, would establish violations of the Michigan constitution or Michigan statutes, more must be shown to establish federal jurisdiction. In his motion for reconsideration, Donaldson provides no reason to second-guess the analysis of his federal claims in the February 28, 2017, opinion and order.

Donaldson also challenges the Court's denial of his motion to file yet another amended complaint. In reviewing that motion, the Court concluded that jurisdiction would not exist even under the new allegations in the third amended complaint. Accordingly, it would have been futile to allow the amendment. Donaldson does not point to any allegations in his proposed third amended complaint which would provide a basis for jurisdiction. The Court offers no opinion on whether Donaldson is entitled to relief on his state claims. If he wishes, Donaldson is free to seek leave from the state court to file his third amended complaint. But this Court no longer has jurisdiction over this case.

Next, Donaldson challenges the Court's conclusion that he has not sufficiently alleged a procedural due process violation. The Court explained that "to establish a procedural due process claim, Donaldson must demonstrate that he has been deprived of a property interest through Defendants' actions." Feb. 28, 2017, Op. & Order at 6. The Court explained that property owners have a right to access their property from the public highways. *Id.* But, a property owner is only entitled to "convenient and reasonable access." *Id.* quoting *Grand Rapids Gravel Co. v. William J. Breen Gravel Co.*, 262 Mich. 365, 370 (1933)). The Court concluded that "a distracting billboard does not deny Donaldson "'convenient and reasonable access' to his home." *Id.* at 8.

Donaldson now argues that the *Grand Rapids* case holds that the right of access includes a right to a safe and convenient highway. In *Grand Rapids*, the court held that the plaintiff could not prevent the defendant gravel company from crossing the highway with trucks. *Id.* at 370. The court explained that the truck traffic was related to the ongoing construction of an underpass, which "would tend to make the highway safe and convenient and to facilitate travel." *Id.* Because the highway was being used for a public purpose, the traffic was "no invasion of plaintiff's servient estate in the highway." *Id.* Thus, *Grand Rapids* actually stands for the

proposition that individual property owners may be inconvenienced without infringing on their property rights if the infringement is for a public purpose. Although a private, commercial billboard is not an example of "public use," it also does not deny Donaldson the ability to access his home. Even accepting all of Donaldson's allegations as true, he has not alleged facts which demonstrate the deprivation of a property interest.

Finally, Donaldson faults the Court for not granting judgment on his conflicts of interest and fiduciary duty claims. But these are state law claims. As explained above, all state law claims have been remanded to state court because this Court no longer possess jurisdiction. The Court offers no opinion on the merits of those state law claims. Donaldson is free to pursue them before the state court.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Donaldson's motion for reconsideration, ECF No. 47, is **DENIED.**

Dated: May 31, 2017 　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2017.

　　　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager